

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY 10022

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

Concepcion A. Montoya
212-471-6228
cmontoya@hinshawlaw.com

October 26, 2016

**VIA ECF**

Hon. Denis R. Hurley
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

    *Lead Case:*    *Numa v. I.C. System, Inc.,* 15-cv-05661-DRH-AYS
    *Related Cases:*    *Impellizzeri v. I.C. System, Inc.,* 15-cv-07040-JFB-GRB
        *Squicciarini v. I.C. System, Inc.,* 16-cv-01415-LDW-SIL
        *Bunt v. I.C. System, Inc.,* 16-cv-01488-LDW-AYS
        *Jordon v. I.C. System, Inc.,* 16-cv-01570-SJF-ARL
        *Shields v. I.C. System, Inc.,* 16-cv-03822-ADS-AYS
        *Scott v. I.C. System, Inc.,* Docket No. 16-cv-03821-SJF-ARL

Dear Judge Hurley:

    We represent Defendants IC System, Inc., (hereinafter "ICS"), the sole defendant in all of the above-referenced actions alleging violations of the Fair Debt Collection Practice Act ("FDCPA").  Each of the plaintiffs in all of these cases is also represented by the same counsel, David Barshay, of Barshay Sanders PLLC.  All of these actions involve the same (if not overlapping) causes of actions against ICS.  For the reasons set forth below, ICS respectfully requests a pre-motion conference to consolidate this series of cases with *Numa v. I.C. System, Inc., 15-cv-05661 (DRH)(AYS)*, which is the oldest filed case in the group and is presently before Your Honor.  Alternatively, we request that the Court treat this series of cases as related.

    The Complaint in *Numa* was filed by counsel on September 30, 2015.  Throughout the course of 2015 and 2016, counsel filed nearly identical claims in six other actions against ICS as set forth below:

    December 10, 2015    *Impellizzeri v. I.C. System, Inc.,* 15-cv-07040-JFB-GRB
    March 22, 2016    *Squicciarini v. I.C. System, Inc.*, 16-cv-01415-LDW-SIL
    March 25, 2016    *Bunt v. I.C. System, Inc.*, 16-cv-01488-LDW-AYS
    March 30, 2016    *Jordon v. I.C. System, Inc.*, 16-cv-01570-SJF-ARL
    July 8, 2016    *Shields v. I.C. System, Inc.*, 16-cv-03822-ADS-AYS
        *Scott v. I.C. System, Inc.*, 16-cv-03821-SJF-ARL

Arizona   California   Florida   Illinois   Indiana   Massachusetts   Minnesota   Missouri   New York   Oregon   Rhode Island   Wisconsin
131525700v1 0979905

Hon. Denis R. Hurley
October 26, 2016
Page 2

      All of these cases involve the same or similar claims. For the Court's convenience, they are outlined below:

| Case | Summary of Related Claims | Summary of Additional Claims |
|---|---|---|
| *Numa* | (1) Failure to explicitly identify creditor, (2) threat to report to credit reporting agencies overshadows validation notice | (1) Disclosure of Account Number |
| *Impellizzeri* | (1) Failure to explicitly identify creditor, (2) threat to report to credit reporting agencies overshadows validation notice, (3) Unlawful processing Fee | |
| *Squicciarini* | (1) Failure to explicitly identify creditor, (2) threat to report to credit reporting agencies overshadows validation notice, (3) Unlawful processing Fee | |
| *Bunt* | (1) Failure to explicitly identify creditor, (2) Unlawful processing Fee | (1) Failure to adequately convey the amount of the debt (related to additional *Shields* claim) |
| *Jordon* | (1) Failure to explicitly identify creditor, (2) Unlawful processing fee | |
| *Shields* | (1) Failure to explicitly identify creditor, (2) threat to report to credit reporting agencies overshadows validation notice, (3) Unlawful processing Fee | (1) Failure to adequately convey amount of debt (related to additional *Bunt* claim) |
| *Scott* | (1) Failure to explicitly identify creditor, (2) threat to report to credit reporting agencies overshadows validation notice, (3) Unlawful processing Fee | |

      It is manifestly evident that these actions involve the same or similar claims (the Complaints are nearly identical) and filed by the same plaintiff's counsel. All of these allegations arise from the same or similar collection letter issued by ICS and the nature of the alleged claims may be resolved by law. Although these cases are obviously (or at least, arguably) related, Plaintiff's counsel did not make any such indication on the Civil Cover Sheet for each case as required by Local Rule 50.3.1 (a). Not only are these cases related, they are essentially factually identical. The only differences between these lawsuits are the names of the plaintiffs, the client for which ICS was delivering the letter, and the date of delivery. The other claims alleged in *Bunt* and *Shields* are based on the same underlying letter, and these do not undermine the relatedness of the complaints.

Hon. Denis R. Hurley
October 26, 2016
Page 3

"If actions before the court involve a common question of law or fact, the court may ... consolidate the actions; or issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(2); *Ruane v. Cnty. of Suffolk*, 2013 U.S. Dist. LEXIS 20150, *15 (E.D.N.Y. Feb. 14, 2013) (Hurley, J.) (citing Fed. R. Civ. P. 42(a)(2)).  A trial court has "broad but not unfettered discretion," when determining whether to consolidate two cases.  *Ruane*, 2013 U.S. Dist. LEXIS 20150, *15 (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)); see also *Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012).  In fact, a Court may in its discretion consolidate actions under Rule 42(a) *sua sponte*.  *See Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  Moreover, "the Second Circuit suggests that Rule 42(a) 'be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.'"  *Delre*, 288 F.R.D. at 246 (quoting Devlin, 175 F.3d at 130).

The instant case, *Numa*, is ripe for summary judgment and a briefing schedule has been issued. We previously sought to consolidate all of these cases in *Impellizzeri* before Judge Bianco but it was denied because it is not the oldest filed case in the series.  We have also sought a stay in the other cases.[1]  A briefing schedule for summary judgment was issued in *Jordon*[2] and counsel also served a Rule 56.1 statement in *Shields* pursuant to the Individual Rules of Judge Spatt.  Notwithstanding the briefing schedule *Jordon*, Judge Feuerstein is hearing argument on Defendant's motion to stay in both *Jordon* and *Scott* tomorrow, October 27, 2016.

Notwithstanding the flurry of motion practice initiated by plaintiff's counsel immediately after Defendant sought to consolidate these cases in *Impellizzeri*, the fact remains that none of these cases will be prejudiced by consolidation as the legal issues are the same and may be resolved by the Court on the pleadings.  Indeed, given the similar or overlapping legal issues, Defendant is the one who will be prejudiced by the risk of inconsistent decisions in each of these cases.  Therefore, in the interest of judicial economy, we respectfully request that the Court consolidate with and/or treat these cases as related to *Numa* as the oldest filed case and allow the parties to file their respective motions for summary judgment based on the present briefing schedule.

---

[1] The stay was denied without prejudice in *Shields* as Judge Spatt prefers a formal motion to be served; ICS will be filing its formal motion to stay shortly.  The stay was denied in *Bunt*.

[2] Plaintiff served his motion for summary judgment on October 13, 2016; Defendant's opposition is due on November 14, 2016.

Hon. Denis R. Hurley
October 26, 2016
Page 4

    We thank the Court for its consideration in this matter.

                                       Respectfully submitted,

                                       HINSHAW & CULBERTSON LLP

                                       By: *s/ Concepcion A. Montoya*
                                             Concepcion A. Montoya

cc:    <u>Via ECF</u>
       Hon. Joseph F. Bianco
       Hon. Leonard D. Wexler
       Hon. Sandra J. Feuerstein
       Hon. Arthur D. Spatt
       Craig B. Sanders, Esq.
       David M. Barshay, Esq.