UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
NEPHTALIE NUMA,

              Plaintiff,                 **ORDER**
                                                      15-CV-5661

    -against-

IC SYSTEM, INC.

              Defendant.
-------------------------------------------------------X

       Presently before the Court is defendant's application to consolidate this action with six other cases pending in this District or, in the alternative, to have the referenced cases treat as related.

       Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve common question of law or fact, the court may . . . consolidate the action." Whether to grant consolidation lies within the broad discretion of the Court. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In exercising its discretion, "a district court should consider both equity and judicial economy." *Devlin v. Transp. Commc'n Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). Consolidation is warranted where it promotes judicial economy and serves to eliminate waste associated with duplicative discovery and multiple trials. *See id.; Kamden-Ouaffo v. Pepsico, Inc.*, 314 F.R.D. 130, 136 (S.D.N.Y. 2016). The burden is on the moving party to demonstrate that consolidation is appropriate. *Id*. at 136-37.

       This action and each of the six actions sought to be consolidated are at various stages of litigation. Indeed, as defendant concedes, some the actions are in the midst of discovery, other are in the process of briefing motions and other have pending motions. (DE 31 at 1-2.) Given these varying stages, consolidation is not appropriate. *See, e.g., Kamden-Ouaffo*, 314 F.R.D. at

137 (denying consolidation where one case was in discovery and the other had a fully briefed dispositive motion); *Ruane v. County of Suffolk*, 923 F. Supp.2d 454 (E.D.N.Y. 2013) (holding judicial economy would not be served by consolidation where the actions were at different stages of the litigation).

The same consideration supports denial of the request to have the referenced cases treated as related. In addition, such a request is untimely. Local Rule 50.3.1 requires that an application to have cases related be made within thirty (30) of service of the complaint unless "good cause" is shown to permit a later filing. No good cause has been shown here.

The application is denied.

**SO ORDERED.**

Dated: Central Islip, New York
      December 21, 2016                  /s/ Denis R. Hurley
                                                   Denis R. Hurley
                                                   United States District Judge